UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HOLLY B,[1] | : | Case No. 3:24-cv-241 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Holly B. brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and the administrative record (Doc. #6).

**I.       Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff protectively applied for benefits in March 2022, alleging disability due to several impairments and conditions, including medullary sponge kidney disease, scoliosis, endometriosis, chronic pain, antibiotics resistance, monthly urinary tract infections, frequent kidney stones due to medullary sponge kidney disease, potassium deficiency due to medullary sponge kidney disease, and suboxone program for pain. (Doc. #6-6, *PageID* #248). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Nicholas J. Schwalbach on July 25, 2023. (Doc. #6-3, *PageID* #s 64-87). Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since March 13, 2020, the alleged onset date.

Step 2: She has the severe impairment of medullary sponge kidney disease.

Step 3: She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work …[ ] except [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours and sit 6 hours out of 8 hours; occasionally climb ramps and stairs; occasionally balance, as it is defined by the Selected Characteristics of Occupations; occasionally stoop, kneel, and crouch; never crawl; no climbing of ladders, ropes, or scaffolds; and avoid all exposure to unprotected heights, dangerous moving machinery, and commercial driving."

Plaintiff is capable of performing her past relevant work as a cashier.

2

> Step 5: Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #6-2, *PageID* #s 41-46). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since March 13, 2020. *Id.* at 46.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #6-2, *PageID* #s 39-46), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #9). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.   Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In her Statement of Errors, Plaintiff argues that the ALJ failed to include certain limitations in the RFC determination that account for how the side effects of Plaintiff's medullary sponge kidney disease—including frequent kidney stones, urinary tract infections, and hourly need to urinate—would affect her ability to stay on task or be present at work. (Doc. #8, *PageID* #s 1541-42). Additionally, Plaintiff asserts the ALJ failed to consider the vocational expert (VE) testimony that being off-task more than ten percent of the time or absent more than once a month would be work preclusive. *Id.* at 1542-43.

The Commissioner contends that substantial evidence—including Plaintiff's continued work activity during the relevant period; her reported daily living activities; the conservative nature of her treatment; her non-compliance with the treatment recommendations despite the allegedly debilitating nature of her symptoms; and the prior administrative medical findings of state agency medical consultants—supports the ALJ's decision that Plaintiff was not disabled and retained the RFC to perform a reduced range of light work. (Doc. #9, *PageID* #s 1547-53).

The "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. § 404.1520(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' – i.e., opinions about what the individual can still do despite his or her impairment(s)

4

– submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (footnote omitted).

Importantly, hypothetical limitations posed to the VE do not bind the ALJ to include those limitations in the RFC. *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. That does not mean that the VE's answer about the *hypothetical individual* binds the ALJ.") (internal citation omitted); *see also Beckham v. Comm'r of Soc. Sec.*, No. 1:19-CV-576, 2020 WL 5035451, at *9 (S.D. Ohio Aug. 26, 2020) (Litkovitz, M.J.) ("Simply posing a hypothetical question to the [vocational expert] does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations."). "An administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

During the hearing, the ALJ posed a series of hypotheticals to the VE to determine whether a hypothetical person with certain limitations could perform Plaintiff's past work and other work in the national economy. (Doc. #6-2, *PageID* #s 76-79). The VE testified that based on the ALJ's hypothetical, the individual could perform Plaintiff's past work as a cashier, as well as other light exertional jobs in the national economy. *Id.* at 77-78. The ALJ then asked what the permitted unscheduled absences are and off-task allowances. *Id.* at 79. The VE responded that

"[a]bsenteeism should not exceed, in my vocational opinion, one day per month repetitiously. Off task behavior should not exceed ten percent daily." *Id.*

In assessing Plaintiff's RFC, the ALJ ultimately decided not to include either of the hypothetical limitations as to absenteeism and off task behavior. *Id.* at 42. Plaintiff contends that the ALJ's failure to include the off-task and absence limitations in the RFC constitutes reversible error. (Doc. #8, *PageID* #s 1541-42). According to Plaintiff, "ALJ Schwalbach erred in not including in his final RFC an accounting for the effect [Plaintiff]'s medullary sponge kidney disease, and resulting frequent kidney stones and urinary tract infections, and need to urinate every hour, would have on her ability to stay on task or be present at work." *Id.* at 1542. Plaintiff's argument lacks merit.

In this case, Plaintiff relies on generalities in her medical records and her testimony to support her claim that her RFC should have included the work-preclusive restrictions of being off task and absent from work due to her impairments. (Doc. #8, *PageID* #s 1541-43). Plaintiff does not point to an opinion from a medical source that specifically opined that she would be off task more than ten percent of the time or be absent two or more times per month. Instead, Plaintiff asserts that "[t]he record is also replete with doctor appointments and hospital records where [Plaintiff] has sought treatment for her medullary sponge kidney disease and resulting kidney stones and urinary tract infections." *Id.* at 1542. Indeed, while the record confirms that Plaintiff has been diagnosed and receives regular treatment for her medullary sponge kidney disease, there is no medical opinion of record stating that these impairments would cause Plaintiff to be off task for ten percent of the time or miss two or more days of work a month. *See* 20 C.F.R. § 404.1512 (explaining Plaintiff has the evidentiary burden of proof in the case); *Hoffman-Shaw v. Comm'r of*

6

*Soc. Sec.*, No. 2:18-CV-836, 2019 WL 1986521, at *10 (S.D. Ohio May 6, 2019) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-836, 2019 WL 2617561 (S.D. Ohio June 26, 2019) (Morrison, D.J.) (finding no error in the ALJ's RFC assessment when Plaintiff failed to "point to any evidence that would support additional RFC restrictions."). Finally, the only medical opinions in the record from state agency physicians Dr. Gerald Klyop, M.D., and Dr. Leslie Green, M.D., found Plaintiff capable of light work, which the ALJ ultimately incorporated into his RFC determination, while also including further limitations than they opined to account for Plaintiff's pain. (Doc. #6-2, *PageID* #44, *citing* Doc. #6-3, *PageID* #s 86, 93-94).

Plaintiff's reliance on her subjective complaints to support including these limitations in her RFC is unavailing. It is well-settled that an ALJ is not required to accept a plaintiff's subjective complaints but may instead properly consider the credibility—or symptom severity—of a plaintiff.[2] *Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). If the ALJ's credibility determinations are explained and enjoy substantial support in the record, the Court is without authority to revisit those determinations. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating that: "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)). *See Beavers v. Sec'y. of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

Here, it is notable that none of the record evidence cited by Plaintiff demonstrates that her impairments would cause her to be off task ten percent of the time and miss two days of work a

---

[2] While "credibility" is no longer permitted in a "consistency" analysis, the prior case law remains applicable. *See Prichard v. Comm'r of Soc. Sec.*, No. 1:19-CV-573, 2020 WL 5544412, at *6 (S.D. Ohio Sept. 16, 2020) (Bowman, M.J.).

month; in fact, Plaintiff does not include any specific citations to the record to support her argument, only generally citing to the medical record as a whole. Further, even if Plaintiff had provided such citations to the record, substantial evidence exists to support the ALJ's decision not to include those limitations in the RFC. For example, the ALJ noted that Plaintiff had medullary sponge kidney disease since birth and was diagnosed with it in 2010, before the alleged disability onset date of March 13, 2020. (Doc. #6-2, *PageID* # 43). He then referenced her work history, noting she has had multiple jobs that lasted over a year, which was not consistent with a work-preclusive disability. *Id.* at 44. Additionally, the ALJ noted that Plaintiff engaged in self-employment at near substantial gainful activity levels since her alleged onset date, buying and selling clothing, as well as babysitting a few times. *Id.*, citing *PageID* #s 58-59. The ALJ reasoned that, based on this evidence, Plaintiff was not so limited by her impairments that she was precluded from all work. *Id*.

Despite Plaintiff's assertion that the ALJ ignored her frequent need to urinate in his RFC determination, the ALJ found that Plaintiff's lack of reporting to any medical provider her symptom of hourly need to urinate in the record indicated that it was not as severe as she testified. *Id.* at 43. Similarly, the ALJ found the multiple reports in the treatment record of Plaintiff's urinary tract infections as "mild" and treated conservatively and Plaintiff's failure to comply with her treatment plan by not taking the recommended citrate dose, quit vaping, and stop consuming caffeine as indicators that Plaintiff's impairment was not as severe as she testified. *Id*. at 43-44, citing Doc. #6-7, *PageID* #s 415-19; Doc. #6-8, *PageID* # 775; Doc. #6-9, *PageID* #s 1287, 1376 ("mild" infections treated conservatively); Doc. #6-9, *PageID* #1215; Doc. #6-7, *PageID* #476; Doc. #6-8, *PageID* #s 1157, 1165; Doc. #6-9, *PageID* #s 1204, 1212, 1450; Doc. #6-9, *PageID* #s

1281, 1150, 1462 (non-compliance with treatment). Therefore, the ALJ did not ignore Plaintiff's medullary sponge kidney disease nor its resulting effects in his analysis but rather found them to not be as severe in intensity as Plaintiff alleged.

In this case, the ALJ carefully considered the totality of the evidence, applied the proper standards, and clearly explained his consistency findings. In doing so, he did not find Plaintiff's alleged impairments to be wholly unsupported in the record, but, rather, he simply found that they did not require the additional hypothetical limitations advocated by Plaintiff. Under these circumstances, this Court is without authority to disturb that finding.

For these reasons, Plaintiff's statement of error is not well taken.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the Court's docket.

September 11, 2025

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge